UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Crim. No. 22CR0022 CKK** |
| | ) | |
| **JUSTICE EASTMAN** | ) | |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

The defendant, by and through counsel, respectfully submits this memorandum in aid of sentencing. She respectfully requests that she be sentenced to the low end of her guideline range for the reasons outlined below.

### PROCEDURAL BACKGROUND

1. On January 30, 2023, Ms. Eastman pled guilty to Conspiracy to Distribute and Possess with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Fentanyl in violation of 21 USC §§ 846 and 841(a)(1) and (b)(1)(C). Pursuant to her Rule 11 (c) (1) (C) Plea Agreement and the Sentencing Guidelines, her Base Offense Level is 19 and her Criminal History Category is III.  Her guideline range, as agreed to and calculated by the parties, is 37 to 46 months.

2.  Ms. Eastman's involvement in this case is a result of both cell phone and Cash App records. Multiple individuals were allowed to use both her cell phone and the Cash Apps on it. She was aware the phone was being used in drug

transactions. However, the government's investigation established that a male was using this device during the communications shortly before the delivery of the fatal dose of fentanyl. A witness to the purchase of the fatal dose of fentanyl told DEA that it was a man who handed over the drugs. Any drugs recovered from the residence were found on a floor that Ms. Eastman did not occupy (her brothers did) and a large quantity of drugs were recovered from another residence altogether.

3. Ms. Eastman requests that she be sentenced to 37 months, the low end of her guideline range as calculated by the parties.

## NO MATERIAL ERRORS IN PSR

2. There are material errors in the Presentence Report (PSR).

3. Fact corrections are warranted in footnote 6 and paragraph 27 of the PSR. The Probation Department relied upon the initial detention memorandum filed by the government. However, evidence developed since then warrants the corrections requested by Ms. Eastman in her filed objections.

4. The parties, per the executed 11 (c) (1) (C) Plea Agreement (Dkt. # 36), have calculated Ms. Eastman's sentencing guideline range to be 37 to 46 months of incarceration.

5. Probation has added a 2-point enhancement for maintaining premises for the purpose of manufacturing or distributing a controlled substance pursuant to 2D1.1 (b)(12). Ms. Eastman was one of several siblings who lived at the residence

which had been rented by her mother before she passed. She exerted little if any control over the premises or the other occupants. She resided there with her three infant children on a separate floor than the others. Most of the illicit trafficking occurred off premises. The scope of Ms. Eastman's agreement is that she allowed others to use her phone and the Cash Apps on it to collect money – some of which was from the sale of drugs. *See*, commentary n. 17.  This enhancement should not be assessed against her.

## GUIDELINES ARE NOT MADATORY

6. This Court has broad discretion to consider every aspect of a particular case, and a particular defendant, in fashioning an appropriate sentence. *United States v. Booker*, 543 U.S. 220 (2005); *Gall v. United States*, 552 U.S. 38 (2007); *Kimbrough v. United States*, 552 U.S. 85 (2007). Although the Court must first calculate the appropriate sentencing range under the Guidelines, it is not bound by the Guidelines or Guidelines Policy Statements. It may make its own policy judgments, even if different from those in the Guidelines. *Kimbrough*, 552 U.S. at 101. The Court must impose a sentence consistent with the terms of 18 U.S.C. § 3553(a) and § 3661.

## SENTENCING FACTORS

7. The core requirement of 18 U.S.C. §3553(a) is that the court impose *"a sentence sufficient, but not greater than necessary"* to comply with the purposes of

sentencing set forth in § 3553(a), which provides no order of priority among the factors. The factors outlined in § 3553(a) are as follows:

- The nature and circumstances of the of the offense and the history and characteristics of the defendant 18 U.S.C. § 3553(a)(1);

- the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," 18 U.S.C. § 3553(a)(2)(A);

- the need for the sentence imposed "to afford adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a)(2)(B);

- the need for the sentence imposed "to protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2) (C);

- the need for the sentence imposed "to *provide the defendant with needed educational or vocational training, medical care*, or other correctional treatment in the most effective manner," 18 U.S.C. § 3552(a)(2)(D);

- the kinds of available sentences available, 18 U.S.C. § 3553(a)(3);

- the guidelines in effect at the date of sentencing and any pertinent policy statements, 18 U.S.C. § 3553(a)(4) and (5);

- "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6);

- "the need to provide restitution to any victims of the offenses," 18 U.S.C. § 3553(a)(7).

## SENENCE AT LOW END OF GUIDELINE RANGE WARRANTED

*Nature and Circumstances of the Offense*

8. Ms. Eastman lived in a home, rented by her mother, with several of her siblings. Her brothers were actively engaged in narcotics trafficking both at the residence and other locations. The house was raided on several occasions and contraband was recovered on the floors her brothers occupied. Ms. Eastman lived on a floor separate and distinct from her brothers. She lived there with her three children. She allowed her brothers and others (including the father of her children who is now incarcerated) to use both her phone and the Cash Apps on her phone at various times. And though her involvement does not warrant a downward role adjustment, she is much less involved than the others.

*Characteristics of Defendant*

9. Ms. Eastman has an anxiety disorder. She struggles with depression. She is easily led by others. She has been in trouble before and in fact, after this Court imposes sentence, she will need to resolve her legal issues in Prince George's County. However, this is the first time she has been incarcerated. She has been in jail since January of 2022. This period of incarceration has had a profound impact on her. She has three children. One was a newborn at the time of her arrest. The

others were toddlers. The worry and struggle to keep her little family intact has shaken her to her core.

10. Ms. Eastman has been receiving psychological services and medication while housed at CTF. She has actively participated in many programs. She tries to use her time wisely, waiting for her opportunity to return to her role as a young mother.

*Education, Training and Mental Health Care*

11. Ms. Eastman needs to be housed at a facility where she can continue her psychological treatment. She desperately needs the opportunity to obtain both life skills and occupational training. She has no work history to speak of, and at the time of the final PSR, did not have a high school diploma. She is motivated, she just needs to be provided with the opportunity to use the time she is incarcerated wisely.

## CONCLUSION

12. For all the reasons cited above, and for any additional reasons brought to the Court's attention at sentencing, Ms. Eastman submits that a sentence of 37 months is a *"sentence sufficient, but not greater than necessary"* to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

_____/s/_____

Christopher M. Davis #385582
Counsel for Justice Eastman
Davis & Davis
1350 Connecticut Avenue, NW
Suite 202
Washington, DC 20036
202.234.7300

CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion was served on the United States via the Court's CM/ECF System on this 30th day of May 2023.

_____/s/_____
Christopher M. Davis